UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE:<br>KATHERINE GRISWOLD-STANTON<br>Debtor.<br>CIT BANK, N.A.<br>Appellant(s),<br>v.<br>KATHERINE GRISWOLD-STANTON,<br>Appellee(s). | Bankruptcy Case No. 16-16727 ABL<br><br>Case No. 2:16-CV-2722 JCM<br>ORDER |

Presently before the court is CIT Bank, N.A.'s ("CIT") appeal from the decision of the United States Bankruptcy Court for the District of Nevada ("the bankruptcy court"). Appellant CIT filed an opening brief. (ECF No. 5). Appellee Katherine Griswold-Stanton filed an answering brief (ECF No. 7), to which CIT replied (ECF No. 10).

**I.  Facts**

This appeal arises from a dispute regarding an order sanctioning CIT and awarding attorney's fees.

On November 22, 2016, Stanton filed a voluntary petition for relief under chapter 13 of the bankruptcy code. (ECF No. 6-44). Stanton also filed a chapter 13 plan of reorganization. *Id.* At the time she filed her petition, she owned and resided in a residential property located at 9847 Mount Madera Street, Las Vegas, Nevada. *Id.* Pursuant to a deed of trust dated July 28, 2006, CIT held a claim against Stanton and her estate, secured by Stanton's residential property. (ECF No. 6-16).

On November 29, 2016, CIT filed an objection to confirmation of Stanton's chapter 13 plan. *Id.* CIT argued that Stanton's plan did not specifically provide for the curing of CIT's pre-petition arrearage amount of $69,286.36. *Id.*

On February 15, 2017, CIT filed a first notice of post-petition mortgage fees, expenses, and charges pursuant to Federal Rule of Bankruptcy Procedure 3002.1(d). (ECF No. 7 at 7). On June 9, 2017, CIT filed a second notice of mortgage fees, expenses, and charges ("the second notice"). (ECF No. 6-14). In the second notice, CIT informed Stanton and the bankruptcy court that it intended to assess a total of $1,406 in post-petition fees and expenses against Stanton. *Id.* The charges included attorneys' fees of $850, bankruptcy/proof of claim charges of $400, appraisal/broker's opinion fees of $145, and property inspection fees of $11. *Id.*

On June 19, 2017, Stanton prepared and mailed a letter to CIT pursuant to Bankruptcy Rule 9011 demanding that CIT withdraw the second notice or "amend or supplement the notice with documentation supporting the asserted post-petition charges." (ECF No. 6-24). Stanton attached a copy of a proposed motion for sanctions to the letter. *Id.*

On July 21, 2017, Stanton filed a motion for sanctions for violation of Bankruptcy Rule 9011. (ECF No. 6-24). The motion alleged that CIT's filing of the second notice violated Bankruptcy Rule 9011 (b)(3). *Id.* On August 15, 2017, CIT filed an opposition to Stanton's sanctions motion. (ECF No. 6-28). Moreover, on August 18, 2017, CIT withdrew the second notice. (ECF No. 6-29). On August 22, 2017, Stanton filed a reply in support of the sanctions motion. (ECF No. 6-31).

On August 30, 2017, the bankruptcy court held a hearing on the motion. (ECF No. 6-43). On September 19, 2017, the bankruptcy court entered its oral ruling. (ECF No. 6-41). In the oral ruling, the bankruptcy court held that CIT violated Bankruptcy Rule 9011 and awarded Stanton's counsel its attorneys' fees and expenses incurred in connection with the sanctions motion. *Id.*

On September 22, 2017, the bankruptcy court's order granting the motion for sanctions was entered on the docket. (ECF No. 6-33). The order incorporated the findings of fact and conclusions of law entered into the record in the oral ruling. *Id.* On September 23, 2017, Stanton's counsel filed a declaration setting forth attorneys' fees in the amount of $9,603. (ECF No. 6-36).

Thereafter, on October 11, 2017, the bankruptcy court entered its amended order, in which it imposed sanctions in the amount of $9,603 against CIT. (ECF No. 6-38).

On October 26, 2017, CIT filed its notice of appeal. (ECF No. 6-39). CIT appeals the final judgment arising from the bankruptcy court's granting of Stanton's motion for sanctions for violations of Bankruptcy Rule 9011. *Id.*

**II.     Jurisdiction**

A district court has jurisdiction over a bankruptcy appeal from the bankruptcy court's "final judgments, orders, or decrees." 28 U.S.C. § 158(a)(1), (3). "An order is final if it constitutes a complete adjudication of the issues at bar and clearly evidences the judge's intention that it be final." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007).

**III.    Standard of Review**

This court acts as an appellate court in reviewing a bankruptcy court's decision, applying the same standards of review applied by the Ninth Circuit. *In re Mortg. Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014).

An appellate court applies an abuse of discretion standard in reviewing a bankruptcy court's order granting sanctions. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am, LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003). Conclusions of law are subject to de novo review. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). Factual findings are clearly erroneous only if the findings leave the definite and firm conviction that the bankruptcy court made a mistake. *Id.*

An appellate court may affirm a bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). However, the bankruptcy court must explain its reasons for granting or denying a motion. *See Liti v. C.I.R.*, 289 F.3d 1103, 1105 (9th Cir. 2002).

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

**IV. Discussion**

Imposing sanctions under Bankruptcy Rule 9011 involves a two-part analysis.[1] *See* Fed. R. Bank P. 9011(c). First, a court determines whether a party violated Bankruptcy Rule 9011(b). *See id.* Second, a court may impose sanctions upon the attorneys, law firms, or parties that violate subdivision (b). *See id.* Therefore, the court will analyze the subdivisions separately.

**a. Bankruptcy Rule 9011(b)**

Bankruptcy Rule 9011(b) provides, in relevant part:

> Representations to the court: By presenting to the court a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances . . . three, the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Bank. P. 9011(b)(3). Moreover, the moving party bears the burden of establishing that a Bankruptcy Rule 9011(b)(3) violation has occurred. *Tom Growney Equip. v. Shelley Irrigation Dev.*, 834 F.2d 833, 837 (9th Cir. 1987).

The Ninth Circuit has held that "Rule 9011 gives bankruptcy courts the authority to sanction parties, attorneys, and law firms who present a paper to the bankruptcy court that is either frivolous or presented for an improper purpose." *Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 870 (9th Cir. 2003). In determining whether sanctions are warranted under Bankruptcy Rule 9011(b), a court "must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive the showing need be as to the other." *Id.* at 870 (quoting *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 830 (9th Cir. 1994)).

A claim is frivolous if it is both baseless and made without a reasonable and competent inquiry. *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991). Further, attorney conduct is measured objectively against a reasonableness standard which consists of a competent attorney admitted to practice before the involved court. *Id.* at 1441. Moreover, the Ninth Circuit has held

---

[1] The language of Fed. R. Bank. P. 9011 parallels that of Fed. R. Civ. P. 11. Therefore, courts considering sanctions under Bankruptcy Rule 9011 rely on Rule 11 cases. *In re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991).

that "although the term improper purpose can be construed to require an improper subjective intent, the court analyzes an allegedly improper purpose under an objective standard." *Id.* at 1443.

Here, CIT contends that the bankruptcy court abused its discretion in assessing the frivolous prong of the Bankruptcy Rule 9011(b) test. *See* (ECF No. 5). Therefore, the court will evaluate the subparts of the frivolous prong. *See In re Grantham Bros.*, 922 F.2d at 1442.

### 1. Baseless

In its motion for sanctions and reply brief, Stanton argues that "CIT filed the second notice unsupported by any evidence it was owed the charges." (ECF Nos. 6-24, 7). CIT contends that the second notice was not legally or factually baseless from an objective perspective. (ECF No. 5).

Here, the bankruptcy court held that Stanton offered sufficient evidence indicating that CIT filed the second notice without a factual or legal basis. *See Tom Growney Equip.*, 834 F.2d at 837. CIT advances two related arguments to support its contention that the second notice was not baseless: (1) the bankruptcy court erred because the debtor did not meet her burden of establishing that the second notice was filed without a legal or factual basis; and (2) even though CIT has no burden to prove the second notice charges, the record indicates that the claimed amounts have both a legal and factual basis. *See id.* The court will determine whether the bankruptcy court applied the law incorrectly or rested its decision on a clearly erroneous factual finding in evaluating Stanton's motion for sanctions. *See In re Brotby*, 303 B.R. at 184.

The charges in the second notice included: (1) attorney's fees totaling $850 for work performed on April 6, 2017;[2] (2) a proof of claim totaling $400 for work performed on January 10, 2017; (3) a field expert report totaling $145 for work performed on March 3, 2017; and (4) a bankruptcy inspection fee totaling $11 charged on January 6, 2017. (ECF No. 6-14). In its oral ruling, the bankruptcy court held that "the representations that were made to the court in the papers

---

[2] In her motion for sanctions, Stanton never alleged that CIT did not, in fact, incur these expenses. *See* (ECF No. 7). In her answering brief, Stanton advances a new argument asserting that "if CIT was attempting to recover for work completed on the motion to amend, that was inaccurate because that motion was filed on December 6, 2016, which was exactly 182 days before the second notice was filed in contravention to controlling law." *Id.* The bankruptcy court did not hear or consider this argument. *See* (ECF Nos. 6-24, 6-41). Therefore, the court cannot uphold the bankruptcy court's order on the basis of this argument. *See Liti*, 289 F.3d at 1105.

are the subject of this motion for sanctions do violate Bankruptcy Rule 9011(b)(3)."[3] (ECF No. 6-41 at 407). The bankruptcy court explained that "it became apparent, not only from the exchange of papers underpinning the motion for sanctions here, but also at the hearing on this motion for sanctions, that there is no evidentiary support for the dollar figures that are the specific focus of the motion." *Id.* at 406.

Further, in addressing the second notice charges, the bankruptcy court held that "there's not supporting information to demonstrate that those charges are permissible under the controlling rules. And also the concern that is expressed in the motion, which is whether or not the notice of post-petition mortgage fees, expenses, and charges were in fact consistent with the controlling provisions of the bankruptcy rules." *Id.* The controlling provision referenced by the bankruptcy court is Bankruptcy Rule 3002.1.

In a chapter 13 case, Bankruptcy Rule 3002.1 requires the holder of a claim secured by the debtor's principal residence to:

> File and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges that were incurred in connection with the claim after the bankruptcy case was filed, and that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Fed. R. Bank. P. 3002.1(c). Further, "a notice filed under subdivision (b) or (c) of this rule shall be prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f)."[4] Fed. R. Bank. P. 3002.1(d).

Bankruptcy Rule 3002.1 is a notice provision. *See*, *e.g.*, Fed. R. Bank. P. 3002.1 Advisory Notes ("subdivision (c) requires an itemized notice to be given . . . this might include inspection fees, late charges, or attorney's fees"); *In re Lighty*, 513 B.R. 489, 494 (Bankr. D.S.C. 2014) ("although treated by the parties as objections to proofs of claim and responses, the matters before

---

[3] A bankruptcy court has the authority to impose sanctions under its inherent equitable powers. *See* 11 U.S.C. § 105(a). Here, the bankruptcy court did not impose sanctions under § 105(a). Further, Stanton did not raise this argument on appeal. *See* (ECF No. 7). Therefore, the court will not address the bankruptcy court's § 105(a) equitable powers.

[4] Bankruptcy Rule 3001(f) provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bank. P. 3001(f).

**James C. Mahan**
**U.S. District Judge**

- 6 -

the court are notices, under Fed. R. Bankr. P. 3002.1(c)"). It requires completion of a standardized official form filed as a supplement to the holder's proof of claim. *See* Fed. R. Bank. P. 3002.1(d); *see also* 9 Collier on Bankruptcy P 3002.1.03 (16th 2018). Post-petition claims filed pursuant to Bankruptcy Rule 3002.1 do not require supporting or explanatory documentation. *See In re Cotsis*, No. 15-20588, 2017 Bankr. LEXIS 598, at *3 (Bankr. D. Me. Feb. 24, 2017) ("by filing the Postpetition [sic] Notice, U.S. Bank was complying with the strictures of Fed. R. Bankr. P. 3002.1 . . . U.S. Bank used the Postpetition [sic] Notice to explain, as required, its scope of claim").

Here, the bankruptcy court made two related errors in holding that CIT violated Bankruptcy Rule 9011(b)(3): (1) it misinterpreted the requirements of Bankruptcy Rule 3002.1; and (2) because of its misinterpretation, the bankruptcy court erroneously analyzed the evidence on the record.[5] *See* (ECF No. 6-41). The court will assess the bankruptcy court's holding with respect to the four charges contained in the second notice.

### i. Attorney's fees

In its motion for sanctions, Stanton contended that the attorney's fees charge was baseless because "CIT never filed a response indicating opposition to the loan mitigation process on April 6, 2017." (ECF No. 6-24 at 257). Moreover, Stanton argued that "to the extent that this relates to CIT's effort to collect on work related to the motion to alter, (1) that motion was denied and CIT's fees and costs should not be allowed, (2) the fees are excessive, and (3) no evidence of CIT's costs were attached to the notice." *Id.*

In holding that "there's not supporting information to demonstrate that those charges are permissible under the controlling rules," the bankruptcy court misinterpreted Bankruptcy Rule 3002.1. *See* (ECF No. 6-41). The official form referenced in Bankruptcy Rule 3002.1(d) required

---

[5] Moreover, CIT correctly notes that the bankruptcy court erred by conflating two distinct legal issues: (1) the two different pre-petition arrears amounts in the plan objection and claim; and (2) the filing of the second notice that included the post-petition amount. *See* (ECF No. 5 at 20). In referencing Stanton's motion for sanctions, the bankruptcy court stated that "it talks about the fact that the June 9, 2017, notice of post-petition mortgage fees, expenses, and charges, as well as the information contained in various pleadings filed by CIT in connection with this case, are irreconcilable with respect to the amount of the pre-petition arrearages set forth in the claim." (ECF No. 6-41 at 399).

CIT to provide the category of the expense, the amount, a description, and the date incurred.[6] *See* Fed. R. Bank. P. 3002.1(d); *see also* 9 Collier on Bankruptcy P. 3002.1.03. CIT was not required to provide evidentiary support for the post-petition expenses. *See In re Cotsis*, 2017 Bankr. LEXIS 598, at *3-4.

In light of this error, the bankruptcy court treated CIT's failure to provide evidentiary support for the second notice as establishing that the filing was baseless. *See* (ECF No. 6-41). Notably, the bankruptcy court incorrectly held that "the charges simply cannot be substantiated and haven't been, even though months have passed since the motion for sanctions was filed." *See id.* This holding was clear error, and cannot support a ruling that CIT violated Bankruptcy Rule 9011(b). *See In re Brotby*, 303 B.R. at 184.

### ii. Proof of claim

Stanton contends that the proof of claim "is an excessive amount for CIT to charge . . ." (ECF No. 6-24 at 257). Further, Stanton argues that the "only docket event on January 10, 2017, relates to debtor's counsel's successful opposition to the motion to alter." *Id.*

In its oral ruling, the bankruptcy court held that "it was impossible for the creditor, CIT, to properly explain or support the amounts that were set forth in that particular notice of post-petition mortgage fees, expenses, and charges." (ECF No. 6-41 at 397). Yet, Bankruptcy Rule 3002.1(d) does not require a notice to contain supporting documentation. *See* Fed. R. Bank. P. 3002.1(d); *see also In re Cotsis*, 2017 Bankr. LEXIS 598, at *3-4. Further, the deed of trust provides that the "lender may charge borrower fees for services performed in connection with borrower's default . . . including, but not limited to, attorney's fees, property inspection fees, and valuation fees." (ECF No. 6-9 at 91). Therefore, CIT did not violate Bankruptcy Rule 9011(b)(3) by failing to provide evidentiary support for the proof of claim expense. *See id.*

### iii. Field expert report

Stanton argues that "there is no evidence of this charge or an explanation regarding why is was reasonably assessed against the debtor's mortgage account." (ECF No. 6-24 at 257).

---

[6] On June 9, 2016, CIT submitted an official form pursuant to Bankruptcy Rule 3002.1(d) listing the charges, dates incurred, and amounts of post-petition fees. (ECF No. 6-14).

Bankruptcy Rule 3002.1(d) does not require a notice to contain supporting evidence. *See* Fed. R. Bank. P. 3002.1(d); *see also In re Cotsis*, 2017 Bankr. LEXIS 598, at *3-4. Therefore, Stanton did not meet her burden of establishing that a Bankruptcy Rule 9011(b)(3) violation occurred. *See Tom Growney Equip.*, 834 F.2d at 837.

### iv. Bankruptcy inspection fee

In her motion for sanctions and answering brief, Stanton contends that "CIT provided no evidence relating to the assessed [inspection] fee. Nor is it clear what this charge relates to." (ECF Nos. 6-24, 7). Bankruptcy Rule 3002.1(d) does not require a notice to contain supporting evidence. *See* Fed. R. Bank. P. 3002.1(d); *see also In re Cotsis*, 2017 Bankr. LEXIS 598, at *3-4. Further, the deed of trust provides that the "lender may charge borrower fees for services performed in connection with borrower's default . . . including, but not limited to, attorney's fees, property inspection fees, and valuation fees." (ECF No. 6-9 at 91). Accordingly, the bankruptcy court erred in holding that "the representations that were made to the court in the papers that are the subject of this motion for sanctions do violate Bankruptcy Rule 9011(b)(3)." *See* (ECF No. 6-41 at 407); *see also In re Brotby*, 303 B.R. at 184.

### 2. Made without a reasonable and competent inquiry

CIT argues that the bankruptcy court erred in holding that CIT did not conduct a reasonable and competent inquiry before filing the second notice. (ECF No. 5). CIT's argument is twofold: (1) the bankruptcy court abused its discretion and applied an erroneous view of the law by failing to consider the reasonable and competent inquiry prong; and (2) the record indicates that CIT conducted a reasonable and competent inquiry prior to filing the second notice. *See id.* at 19-20.

CIT's first argument, in which it contends that the bankruptcy court erred in its application of the law, is substantiated by the record. The bankruptcy court correctly noted that "a claim is frivolous if it is both baseless and made without a reasonable and competent inquiry." (ECF No. 6-41 at 398). Moreover, the bankruptcy court referenced the certification accompanying the filing of the second notice in stating that "the certification as a result of that filing was to the best of CIT's knowledge, information, and belief formed after a reasonable inquiry under the circumstances." *Id.* at 405. Yet, despite referencing the applicable law, the bankruptcy court did

not consider whether CIT failed to make a reasonable and competent inquiry before filing the second notice.[7] *See id.* Accordingly, the bankruptcy court erred by not analyzing the "made without a reasonable and competent inquiry" prong. *See In re Grantham Bros.*, 922 F.2d at 1442; *see also In re Brotby*, 303 B.R at 184.

### b. Bankruptcy Rule 9011(c)

If a court determines that a party violated Bankruptcy Rule 9011(b), a court may impose sanctions. Fed. R. Bank. P. 9011(c); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

Here, CIT argues that the bankruptcy court abused its discretion by imposing sanctions because its filing of the second notice did not violate Bankruptcy Rule 9011(b). (ECF No. 5). Accordingly, because the court concludes that CIT did not violate Bankruptcy Rule 9011(b), the bankruptcy court abused its discretion by imposing sanctions. *See Townsend*, 929 F.2d at 1362.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the bankruptcy court be, and the same hereby is, VACATED.

The case is hereby REMANDED to the bankruptcy court to continue proceedings and enter judgment, consistent with the foregoing.

DATED July 19, 2018.

											_____
											UNITED STATES DISTRICT JUDGE

---

[7] Stanton has not presented any evidence indicating that CIT failed to conduct a reasonable and competent inquiry. Stanton's motion for sanctions stated that "not only did CIT fail to engage in a sufficient independent investigation prior to filing the notice, but CIT shockingly seeks to recover fees for relief the court denied." (ECF No. 6-24 at 259). In her answering brief, Stanton notes that "the bankruptcy court properly found that CIT engaged in sanctionable conduct . . . when it filed the second notice without a satisfactory evidentiary basis and without a reasonable and competent inquiry." (ECF No. 7 at 16). Here, Stanton has not offered substantive allegations indicating that CIT failed to conduct a reasonable and competent inquiry before filing the second notice. *See* (ECF Nos. 6-24, 7).